UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

NATALIE ALANEZ,

    Plaintiff,

vs.

SKIN DIEM MEDSPA LLC,
a Florida Limited Liability
Company,

    Defendant.

_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, NATALIE ALANEZ ("Ms. Alanez" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, SKIN DIEM MEDSPA LLC ("SDM" or "Defendant") and in connection therewith alleges the following:

1. Plaintiff brings these claims against Defendant for discrimination based on age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623 (a)(1), and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), and for discrimination based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the FCRA. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION AND CONDITIONS PRECEDENT

2. This Court has original jurisdiction over Plaintiff's ADEA and ADA claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, and the actions giving rise to

this lawsuit occurred in Palm Beach County, Florida.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as do her ADEA and ADA claims.

4. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") on or about November 28, 2023.

5. Plaintiff's claims were ripe under the ADEA sixty (60) days thereafter.

6. Neither the ADEA nor the FCRA require that Plaintiff first receive a Notice of Right to Sue from the EEOC or FCHR once the above time limits have expired for the EEOC/FCHR to render a determination.

7. On or about May 20, 2025, Plaintiff received her Notice of Right to Sue from the EEOC, giving Plaintiff the right to bring a civil action on her claims within ninety (90) days of her receipt of same.

8. Pursuant to the ADEA and the ADA, Plaintiff timely files this lawsuit within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

9. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

10. Plaintiff timely files this action within the applicable periods of limitations against Defendant, and has complied with all administrative prerequisites.

11. All conditions precedent to this action have been satisfied and/or waived.

## **VENUE**

12. Venue is proper because Defendant conducts substantial business in Palm

Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

## PARTIES

13. Plaintiff, who is a forty-three (43) year old adult woman, is protected by the ADEA, the ADA, and the FCRA because:

    a.    She suffered discrimination (and retaliation in violation of the ADEA, the ADA, and the FCRA) by Defendant on the basis of her age and disability; and

    b.    She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on age and disability, including being discharged for same.

14. Defendant was at all material times an "employer" within the meaning of the ADA and the FCRA, as it employed in excess of fifteen (15) employees.

15. Defendant was at all material times an "employer" as defined by the ADEA, as it employed in excess of twenty (20) employees.

16. Plaintiff was at all material times an "employee" of Defendant within the meaning of the ADEA, the ADA, and the FCRA.

17. Defendant is a Florida limited liability company which at all times material maintained a location and conducted substantial business in Delray Beach, Palm Beach County, Florida.

## GENERAL ALLEGATIONS

18. Ms. Alanez worked for SDM and its predecessor-in-interest, New Birth Bioproducts, LLC, as an Aesthetic Injector Physician Assistant from June 3, 2023, until her termination on August 1, 2023.

19. In June of 2023, shortly after being hired, Ms. Alanez disclosed to her SDM Supervisor, Ande Akinkele, that she suffered disabilities, specifically migraines, chronic neck and back pain, and fibromyalgia, and requested the reasonable, non-burdensome accommodation of keeping her medication at SDM's clinic.

20. In response, Ms. Akinkele became unreasonably and incomprehensibly upset and angrily stated, "absolutely not."

21. From that point forward, Ms. Akinkele treated Ms. Alanez very differently, and unfavorably, especially as compared to younger, non-disabled colleagues.

22. Indeed, Ms. Akinkele began making statements such as "you're not going to be here that long" to Ms. Alanez.

23. Other comments and remarks made by SDM Managers implied strongly that Ms. Alanez's days were numbered and that somebody younger would soon take Ms. Alanez's place.

24. The other employees at the Skin Diem MedSpa location in Delray Beach, Florida, were significantly younger than Ms. Alanez, and Ms. Akinkele and SDM made no secret of the fact that this was no accident.

25. One of Ms. Alanez's co-workers, twenty-four (24) year old Alyssa Reed, whose qualifications and experience were less than Ms. Alanez's, nevertheless was permitted by SDM and Ms. Akinkele to have all the supplies that she felt she needed ordered and do practically as she pleased.

26. Ms. Alanez, meanwhile, faced fierce resistance from Ms. Akinkele and SDM whenever she requested that needed supplies be ordered, and was micromanaged and harassed relentlessly by SDM and Ms. Akinkele.

27. In July of 2023, Ms. Alanez learned from co-workers that Ms. Akinkele was

4

planning to replace her with a significantly younger individual and was just waiting for SDM's Medical Director to go out of town prior to terminating Ms. Alanez.

28. In late July of 2023, Ms. Alanez objected to Ms. Akinkele that SDM's actions and statements violated the ADA, the ADEA, and the FCRA.

29. Very shortly thereafter, on August 1, 2023, Ms. Akinkele informed Ms. Alanez that SDM had decided to terminate her employment, effective immediately.

30. While informing Ms. Alanez of SDM's termination of her employment, Ms. Akinkele made further disparaging remarks about Ms. Alanez's age.

31. Defendant did not have a legitimate, non-discriminatory reason for its adverse employment action(s) against Plaintiff.

32. Any reason provided by Defendant for its adverse employment action(s) against Plaintiff is a pretext and a cover-up for illegal discrimination.

33. As a result of Defendant's unlawful and discriminatory termination of Plaintiff, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

34. The discrimination and disparate treatment based on disability and age persisted throughout the duration of Ms. Alanez's employment with SDM.

35. Plaintiff's termination constitutes an adverse action as defined by the ADEA, the ADA, and the FCRA.

36. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties.

37. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination and termination suffered by Plaintiff.

38. Plaintiff's termination was for pretextual and discriminatory reasons based

on Plaintiff's age, and disability.

39. Plaintiff was treated in a disparate manner from her younger, non-disabled counterparts.

40. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA, the ADA, and the FCRA.

41. By reason of the foregoing, Defendant's actions violated the ADEA, the ADA, and the FCRA.

42. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and, ultimately, discharge, because of her age and disability.

43. Any reason provided by Defendant for its actions is a pretext and cover-up for illegal discrimination.

44. Plaintiff was terminated for no reason other than her comparatively advanced age.

45. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for younger, less-qualified employees.

46. But for Plaintiff's age, Defendant would not have treated Plaintiff as it did, or terminated her.

47. The person(s) who discriminated against Plaintiff most severely based on age was/were decision-makers in terms of terminating Plaintiff.

48. The timing of Plaintiff's disclosure of her disability, her requests for accommodation, and SDM's termination of Plaintiff creates a close temporal proximity between the events.

49. Ms. Alanez's health conditions are considered protected disabilities under the

6

ADA and the FCRA.

50. Plaintiff was qualified to perform the essential functions of the position, but SDM believed that due to her disabilities, Plaintiff could not continue employment with Defendant.

51. The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

52. Defendant failed to accommodate Plaintiff's disabilities and related symptoms.

53. The facts surrounding Plaintiff's termination give rise to a strong inference of disability discrimination and retaliation based on disability in violation of the ADA and the FCRA.

54. SDM was aware of Ms. Alanez's ADA- and FCRA-protected medical conditions and her need for accommodation.

55. SDM, however, being well aware of Plaintiff's disabilities, discriminated against Plaintiff for requiring and requesting reasonable accommodation for same, and terminated her based on her suffering disabilities and her requests for accommodation.

56. Ms. Alanez is an individual with disabilities who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the Aesthetic Injector Physician Assistant position.

57. Reasonable accommodation would have permitted Ms. Alanez to perform her job duties, and would have imposed no undue hardship on Defendant.

58. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on

7

the disclosure of her medical conditions, and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

59. Defendant's reason for terminating Plaintiff is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA and the FCRA.

60. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties with or without reasonable accommodation, and did so.

61. Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by her medical conditions from completing the assigned job duties, Defendant discriminated against Plaintiff based on her disabilities and need for medical treatment/accommodation, and terminated Plaintiff based on her disabilities and her requests for accommodation.

62. Pleading in the alternative, Plaintiff's impairments did not substantially limit a major life activity, but were treated by Defendant as if they did.

63. Pleading in the alternative, Plaintiff's medical conditions constituted impairments that limited a major life activity only because of Defendant's attitude toward the impairments.

64. Any reason provided by Defendant for its termination of Plaintiff is a pretext and cover-up for illegal discrimination.

65. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, she is a member of a protected class as envisioned by the ADA and the FCRA.

66. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was discharged, because of her disabilities and/or "perceived disabilit[ies]."

67. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices…and other similar accommodations." 42 U.S.C. § 12111(9)(B).

68. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

69. Plaintiff has suffered damages as a result of Defendant's illegal conduct towards her.

70. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: DISCRIMINATION IN VIOLATION OF THE ADEA BASED ON AGE**

71. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 13, 15 through 18, 21 through 47, and 69 through 70 of the Complaint, above, as though fully set forth in this Count.

72. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the ADEA.

73. The harassment and discrimination to which Plaintiff was subjected was based on age.

74. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff based on age.

75. Plaintiff was over forty (40) years old when she was terminated.

76. Plaintiff was not terminated for cause.

77. Plaintiff was discharged only because of her age, and would not have been terminated but for her age.

78. Defendant did not have a legitimate, non-discriminatory reason for mistreating Plaintiff as it did, for favoring young employees, or for discharging Plaintiff.

79. Plaintiff was replaced by an individual who was substantially younger than Plaintiff.

80. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less experienced and less qualified than Plaintiff.

81. Plaintiff was mistreated and terminated only because of her age, and would not have been mistreated or discharged but for her age.

82. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

83. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

84. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

85. Defendant had no good faith basis for mistreating and terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

86. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

87. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

88. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the ADEA.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT II: DISCRIMINATION IN VIOLATION OF THE ADA BASED ON DISABILITY

89. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 4, 7 through 14, 16 through 23, 26 through 29, 31 through 43, and 48 through 70 of the Complaint, above, as though fully set forth in this Count.

90. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

91. The discrimination/disparate treatment to which Plaintiff was subjected was based on her disability, or Defendant's perception that Plaintiff was disabled.

92. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

93. Defendant unlawfully terminated Plaintiff based on her medical conditions and disabilities, and/or perceived disabilities.

94. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

95. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

96. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

97. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

98. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, actual and compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

### COUNT III:  DISCRIMINATION IN VIOLATION OF THE FCRA BASED ON AGE

99. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 13, 15 through 18, 21 through 47, and 69 through 70 of the Complaint, above, as though fully set forth in this Count.

100. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the FCRA.

101. The harassment and discrimination to which Plaintiff was subjected was based on age.

102. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff based on age.

103. Plaintiff was over forty (40) years old when she was terminated.

104. Plaintiff was not terminated for cause.

105. Plaintiff was terminated only because of her age, and would not have been terminated but for her age.

106. Defendant did not have a legitimate, non-discriminatory reason for mistreating Plaintiff as it did, for favoring young employees, or for terminating Plaintiff.

107. Plaintiff was replaced by an individual who was substantially younger than Plaintiff.

108. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less experienced and less qualified than Plaintiff.

109. Plaintiff was mistreated and terminated only because of her age, and would not have been mistreated or terminated but for her age.

110. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

111. Plaintiff has suffered damages as a result of Defendant's illegal conduct

13

toward her.

112. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

113. Defendant had no good faith basis for mistreating and terminatiing Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

114. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the ADEA or FCRA.

115. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

116. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT IV: DISCRIMINATION IN VIOLATION OF THE FCRA BASED ON DISABILITY

117. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 4, 7 through 14, 16 through 23, 26 through 29, 31 through 43, and 48 through 70 of the Complaint, above, as though fully set forth in this Count.

118. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on disability under the FCRA, Chapter 760,

Florida Statutes.

119. The discrimination/disparate treatment to which Plaintiff was subjected was based on her disabilities, or Defendant's perception that Plaintiff was disabled.

120. Defendant unlawfully terminated Plaintiff based on her medical conditions and disabilities, and/or perceived disabilities.

121. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

122. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

123. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

124. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

125. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

126. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 23rd day of May, 2025.

By: **_Noah E. Storch_**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
7951 SW 6th St., Suite 316
Plantation, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*